# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KENNETH JAMES TOLMAN | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 12-935 |
| v. | ) | |
| | ) | District Judge Terrence F. McVerry |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| WILLIAM CAYE; *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

**II. REPORT**

Plaintiff filed the underlying civil rights complaint in this Court on July 9, 2012. On June 25, 2012, Defendants filed a Motion to Dismiss (ECF No. 9) along with a Brief in support thereof (ECF No. 10) claiming that the complaint should be dismissed against it for failure to state a claim upon which relief may be granted. On August 6, 2012, this Court ordered Plaintiff to respond to the pending Motion to Dismiss by September 7, 2012 (ECF No. 11). Plaintiff did not comply with this Order. Nor did he seek an extension of time within which to do so.

On October 15, 2012, the Court issued an Order to Show Cause no later than November 16, 2012. That Order specifically advised Plaintiff that his failure to comply with the Order by November 16, 2012 would result in a report to the District Judge recommending dismissal of this case for failure to prosecute. To date, Plaintiff has neither filed any response to Defendants' Motion nor any motion for an extension for time within which to do so.

1

This case has been lingering solely through the fault of the Plaintiff and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (affirming district court's dismissal with prejudice of pro se prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion), *cert. denied*, 516 U.S. 838 (1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights

action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id*. at 109. In short, a pro se litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id*. at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to a dispositive motion, including a summary judgment motion, provides a basis for dismissing an action for failure to prosecute. *See* Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

3

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the plaintiff's responsibility, the court notes that the Plaintiff is proceeding *pro se*. Defendants filed a motion to dismiss on August 6, 2012 and by Order dated August 6, 2012 (ECF No. 11), the Court informed Plaintiff of his obligation to respond and allowed him over one month to respond. To date, Plaintiff has failed to respond to the motion. Thus, Plaintiff is solely responsible for his failure to respond. Secondly, Plaintiff has prejudiced Defendants since his failure to respond has made it difficult for this court to determine whether there are any genuine issues of material fact. Plaintiff's Complaint forced Defendants to retain attorneys and expend time and energy to resolve this matter. By failing to respond to the Defendants' motion, a decision on this matter has been unduly delayed. Thirdly, Plaintiff has not made any effort to move this case forward and has ignored this Court's Order to respond to Defendants' motion. This is sufficient evidence, in the Court's view, to indicate that Plaintiff

does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the plaintiff for his failure to answer defendant's motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious. Finally, it does not appear that Plaintiff's Complaint has any merit.

At least five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it. To the extent Plaintiff disagrees, he should file objections to this recommendation forthwith.

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

November 30, 2012

                                                                  /s/Cynthia Reed Eddy
                                                                   Cynthia Reed Eddy
                                                                   United States Magistrate Judge

Kenneth James Tolman
1000 5th Ave., #19
McKeesport, PA 15132